### SPENCER ELEVATOR SAFETY GUARD CO. v. BEIFELD et al.

(Circuit Court of Appeals, Seventh Circuit. April 26, 1904.)

No. 1,068.

1. PATENTS—INVENTION—ELEVATOR GUARDS.

  The Spencer patent, No. 648,309, for an elevator guard, consisting of a board or riser extending downward from the doorsill of an elevator from 12 to 18 inches, to prevent the feet of persons entering from being caught between the bottom of the elevator and the floor, is void for lack of patentable invention.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

In Equity. Suit for infringement of letters patent No. 648,309, for an elevator guard, granted to William W. C. Spencer April 24, 1900.

The following is the opinion of the Circuit Court (Kohlsaat, District Judge):

This bill was filed to enjoin defendants from infringing letters patent No. 648,309, for improvements in elevator guards, granted April 24, 1900. It charges defendants with unlawfully using complainant's device. In this patent there are two claims, both of which are sued on, and which are as follows:

"(1) An elevator in combination with a guard having a flat exposed surface extending vertically downward from the doorsill, and at right angles to the floor of the elevator, as and for the purposes set forth.

"(2) In combination an elevator, tread, and guard, said tread being adapted to be attached to the floor of the elevator upon substantially the level thereof, and said guard being adapted to extend downward vertically therefrom in a plane at substantially right angles thereto, and, when the elevator has descended nearly to a level with the floor of the building, to afford a flat, vertical protecting surface to any object projecting from the floor surrounding the elevator well, as set forth."

Spencer describes his invention as follows:

"When a passenger elevator reaches a landing, the door is often opened to admit passengers while the attendant is still attempting to bring the elevator to the exact level of the floor. In such case, if the elevator is raised slightly above the floor—say two or three inches—a person anxious to get into the elevator can step forward in such a manner that a part of his foot will overhang the edge of the floor and come under the elevator. If the attendant, not seeing this, attempts to lower the elevator, the person's foot may be seriously injured by being jammed between the elevator and the floor. * * *

"My invention is intended to guard against such an accident. For this purpose I provide a guard or riser extending downward from the sill below the floor of the elevator a sufficient distance—say from twelve to eighteen inches—and flush with the front of the sill.

"In operation, if the attendant stops the elevator at any point within, say, eighteen inches above the floor of the building, and opens the door, it is impossible for the would-be passenger to get his foot under the elevator for the reason that his toes will strike the guard, and, as the elevator settles to the level of the floor of the building, the guard will simply grind against the toe of his shoe."

The defenses relied upon by the defendants are (1) that the patent is void for want of patentable novelty; (2) that the subject-matter thereof had been invented or used by others prior to the date of the invention or discovery thereof by the patentee; and (3) that there is no infringement. The sketch made of defendants' elevator guard, in the joint record, clearly indicates that, if complainant's patent is valid, defendants infringe. This disposes of the last-named of the three defenses relied on by the defendants, and, as to the other two, I will consider the second one first.

The only prior patent introduced in behalf of defendants was that of C. M. Dalsen, No. 167,993, for improvement in hatchways, which does not, in my judgment, anticipate the patent.

The evidence, which is very meager, makes no attempt to show prior use. It only remains to consider the question of want of patentable novelty and utility. So far as the record discloses, defendants are the only users, notwithstanding the patent is three years old. Generally speaking, defendants would not be permitted to urge this fact as a defense, but, in determining this question of utility, the court should consider it. Neither does it appear from the record that the danger sought to be provided against by the device of the patent is a real danger, nor that any person was ever injured for want of such a device.

The court cannot assume that people will thrust their feet under the elevator, nor that the elevator conductor will be so negligent as to open the elevator shaft door before the car is in position. Nor is it in evidence whether or not the floor of an elevator car is 1 inch or 20 inches in thickness. They may vary even more than that. It does not appear from the evidence that a guard 12 or 18 inches in depth would accomplish what is claimed for it in the patent and the argument. Notwithstanding all that is said, it may be true that there is just as much demand for a guard 3 feet in depth as one-half of that depth. In fact, the record is utterly devoid of evidence of utility, except as shown by defendants' attempt to apply it to their elevator. Considering that the device is claimed to supply a crying need, the evidence is startlingly devoid of lachrymose symptoms.

In arriving at the patentable novelty of a device like that of complainant, general and ready acceptance and application to use in the art would be of weight, while want thereof would tend strongly against its novelty, since it is of such doubtful validity as to, at best, be close to the line which divides mechanical skill from patentable novelty. Complainant's device would be infringed by nailing a board from a packing box onto the face of an elevator car floor. If it may be called invention at all, it must be located at the lowest round of the invention ladder. Just at what point below the floor it enters the domain of invention, I am unable to discover from the record.

In fact, whether owing to the meagerness of the record, or to the total want of merit and novelty in the patent itself, I am unable to discover any ground upon which to sustain complainant's contention herein.

The bill is dismissed for want of equity.

Thomas F. Sheridan, for appellant.
Milton J. Foreman, for appellees.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

PER CURIAM. Appellant's bill to enjoin appellees from alleged infringement of letters patent No. 648,309, April 24, 1900, to Spencer, was dismissed for want of equity.

The purposes and character of the device are thus described in the specification:

"When a passenger elevator reaches a landing, the door is often opened to admit passengers while the attendant is still attempting to bring the elevator to the exact level of the floor. In such case, if the elevator is raised slightly above the floor—say two or three inches—a person anxious to get into the elevator can step forward in such a manner that a part of his foot will overhang the edge of the floor and come under the elevator. If the attendant, not seeing this, attempts to lower the elevator, the person's foot may be seriously injured by being jammed between the elevator and the floor. * * * My invention is intended to guard against such an accident. For this purpose, I provide a guard or riser extending downward from the sill below the floor of the elevator a sufficient distance—say from twelve to eighteen inches—and flush with the front of the sill."

The claims are as follows:

"(1) An elevator in combination with a guard having a flat exposed surface extending vertically downward from the doorsill flush with the outer edge of said sill, and at right angles to the floor of the elevator, as and for the purposes set forth.

"(2) In combination, an elevator, tread, and guard, said tread being adapted to be attached to the floor of the elevator upon substantially the level thereof, and said guard being adapted to extend downward vertically therefrom in a plane at substantial right angles thereto, and, when the elevator has descended nearly to a level with the floor of the building, to afford a flat, vertical, protecting surface to any object projecting from the floor surrounding the elevator well, as set forth."

The use of "guards or risers" in stairways to prevent persons from thrusting their feet into the openings being common and old, and the employment of a board, or any similar "guard," being the obvious means to cover a hole, we think the patent is void for want of invention.

The decree is affirmed.